UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JASON ROBBINS and his wife, MELANIE ROBBINS | Civil No. 13-0624 (NLH/JS) |
| Plaintiffs, | **OPINION** |
| v. | |
| RENEE FORGASH, et al., | |
| Defendants. | |

**APPEARANCES:**

MARK J. MOLZ
1400 ROUTE 38 EAST
PO BOX 577
HAINESPORT, NJ 08036
    *Attorney for plaintiffs*

ROBERT E. CAMPBELL
WHITE AND WILLIAMS, LLP
LIBERTYVIEW
457 HADDONFIELD ROAD
SUITE 400
CHERRY HILL, NJ 08002
    *Attorney for defendants Renee Forgash and Ken Curtis Agency*

PATRICK W. BROPHY
MCMAHON, MARTINE & GALLAGHER, ESQS.
55 WASHINGTON STREET
SUITE 720
BROOKLYN, NY 11201
    *Attorney for defendant Fidelity National Property &*
    *Casualty Ins. Co.*

**HILLMAN, District Judge**

Plaintiffs brought a negligence action against Renee Forgash and her employer, defendant Ken Curtis Agency, for failure to obtain properly flood insurance for their residential property. Defendants have filed a motion to dismiss on the grounds that plaintiffs failed to file an affidavit of merit in support of their professional liability claims. Plaintiffs filed no opposition. For the reasons set forth below, defendants' unopposed motion shall be granted.

## I. Jurisdiction

Plaintiffs' claims arise under the National Flood Insurance Act, and therefore, the Court exercises jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331. The Court exercises supplemental jurisdiction over plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367.

## II. Discussion

### A. Standard for Dismissal under Rule 12(b)(6)

In considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fᴇᴅ. R. Cɪᴠ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  First, under the Twombly/Iqbal standard, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  Fowler, 578 F.3d at 211 (citing Iqbal, 129 S. Ct. at 1950).  "[A] complaint must do more than allege the plaintiff's entitlement to relief."  Fowler, 578 F.3d at 211; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be

3

summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (citing Twombly, 550 U.S. at 556). "The defendant bears the burden of showing that no claim has been presented." Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**B.   Affidavit of Merit**

An affidavit of merit is a legislative tool crafted for use by the courts to halt unmeritorious and frivolous professional malpractice lawsuits at an early stage of litigation. Buck v. Henry, 25 A.3d 240, 242 (N.J. 2011); Cornblatt v. Barow, 708 A.2d 401, 413 (N.J. 1998). The text of the affidavit of merit statute provides,

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the

4

> complaint, fell outside acceptable professional
> or occupational standards or treatment
> practices. The court may grant no more than one
> additional period, not to exceed 60 days, to
> file the affidavit pursuant to this section,
> upon a finding of good cause.

N.J.S.A. 2A:53A.

Because the affidavit of merit is a substantive rather than a procedural requirement of a professional malpractice suit, failing to submit an affidavit of merit after the proscribed 60 days, or after an extension for good cause to 120 days, will usually result in a dismissal with prejudice. Ferreira v. Rancocas Orthopedic Assoc's, 836 A.2d 779, 785 (N.J. 2003); Cornblatt, 708 A.2d at 415 (N.J. 1998).

In this case, defendants filed their answer on February 8, 2013. More than a year later, plaintiffs have not filed an affidavit of merit, and have filed no opposition to defendants' motion to dismiss. Although defendants' motion to dismiss is unopposed, the Court will assess whether the affidavit of merit is required under these circumstances.

Defendant Forgash is a licensed insurance producer and her employer, defendant Ken Curtis Agency, is an insurance agency. See Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F.Supp.2d 307, 316 (D.N.J. 2010) ("The [affidavit of merit]

5

statute specifically indicates that it applies to insurance producers, defining such producers as those 'required to be licensed under the laws of [New Jersey] to sell, solicit or negotiate insurance.'")(citing <u>Boerger v. Commerce Ins. Svcs.</u>, 2005 WL 2901903, *2 (D.N.J. Nov. 1, 2005); N.J.S.A. 17:22A–26 (2005)); <u>Carolina Cas. Ins. Co. v. Cryan's Ale House & Grill</u>, No. 08-2100, 2009 WL 497558, at *5 (D.N.J. 2009) ("The Affidavit of Merit Statute applies to third-party defendants as an insurance agent and an insurance agency.").

Although defendants are licensed insurance producers or agencies, an affidavit of merit is not automatically required. However, claims against an insurance producer require proof of a deviation from the professional standard of care for that specific profession, and not just "common knowledge." <u>See</u> <u>Couri v. Gardner</u>, 173 N.J. 328, 341, 801 A.2d 1134, 1141-42 (N.J. 2002). Therefore, the factual allegations must be reviewed to determine whether the plaintiff is alleging a deviation of the standard of care. <u>See</u> <u>Syndicate</u>, 721 F.Supp.2d at 315 ("In ascertaining whether the claims require [an affidavit of merit], courts must look to the underlying factual allegations, and not how the claim is captioned in the complaint.").

In their complaint, plaintiffs allege that: they relied

upon defendants to select a flood insurance policy to cover the contents in their basement; that defendants failed to properly research the policy they were selling; that defendants failed to complete a Buyers' Guide for Flood Insurance; that defendants failed to review the policy; and that defendants were negligent in their description of the policy to plaintiffs.  Based on the allegations, plaintiffs' claims sound in negligence and are premised on defendants having a duty to take certain actions. "[A] claim, whether in tort or contract, necessitates an affidavit of merit 'if the claim's underlying factual allegations require proof of a deviation from the professional standard of care applicable to that specific profession.'"  New Hampshire Ins. Co. v. Diller, 678 F.Supp.2d 288, 309 (D.N.J. 2009) (citing Couri, 801 A.2d at 1141)).

    Defendants maintain that plaintiffs' claim requires proof of deviation from a professional standard of care.  Plaintiffs have presented no evidence otherwise, and have not raised any argument for an exception to filing the affidavit of merit.  See Couri, 801 A.2d at 1141.  Accordingly, an affidavit of merit is required.  Plaintiffs have not filed an affidavit of merit and have not requested an extension.  Therefore, defendants' unopposed motion shall be granted.

7

### III. Conclusion

Because plaintiffs failed to file an affidavit of merit, and failed to raise any defense or exception to filing an affidavit of merit, defendants' motion to dismiss must be granted.[1]  All claims against defendants Renee Forgash and Ken Curtis Agency shall be dismissed.  An appropriate Order will be entered.

Dated:   March 24, 2014                 s/Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[1] This opinion only addresses the motion to dismiss filed by defendants Forgash and Curtis Agency.  It does not address the pending motion for summary judgment filed by defendant Fidelity National Property & Casualty Insurance Company ("Fidelity") which shall be addressed in a separate opinion and order.